**BONANZA TRUCKING CORPORATION, Plaintiff,**

v.

**The UNITED STATES of America et al., Defendants.**

**Court No. 86-03-00350.**

United States Court of International Trade.

July 10, 1987.

Soller, Singer & Horn (Carl R. Soller and Margaret Hardy Sachter, New York City, of counsel), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice (Paula N. Rubin), New York City, for defendants.

## MEMORANDUM & ORDER

AQUILINO, Judge:

The court in its decision of June 18, 1987, 11 CIT ——, 664 F.Supp. 1453, granted in part plaintiff's application for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and accepted therein counsel's offer to produce their time records for review. Those records have been produced, and the court's review of them leads to the following determinations:

### I

■ The June 18 decision concluded that the plaintiff was entitled to recover fees for Carl R. Soller and William C. Shayne at a rate of $75 for each hour of work on this matter adequately reflected in their time records.

Plaintiff's application seeks an award for a total of 62 hours on the part of Mr. Soller. The records produced support such an award.

The application seeks an award for 145.-25 hours for Mr. Shayne. His records support an award for 137.5 hours.[1]

The plaintiff also seeks recovery for the work of Richard M. Wortman, who had been a summer associate/law clerk. The court granted recovery in Slip Op. 87–70, conditioned upon presentation of Mr. Wortman's time records and rate of compensation. An affidavit has been submitted attesting that his average salary was $11.11 per hour during the course of this matter, and the time records provided reflect a total of 52.75 hours spent on the case in chief.[2]

### II

■ The court also held in Slip Op. 87–70 that the plaintiff was entitled to recovery of fees for the time spent preparing its application, relying on *Schuenemeyer v. United States*, 776 F.2d 329, 333 (Fed.Cir. 1985). Recently, the Court of Appeals for the Second Circuit has reaffirmed the right under EAJA of successful litigants to such fees, stating, among other things, that "awarding fees for fees avoids the 'Kafkaesque judicial nightmare' of an infinite re-

---

1. It is unclear from the records submitted that the other hours were spent on this case. *See, e.g.,* Exhibit K (May 23–31, 1985).

2. Mr. Wortman's time records [*see* Exhibit DD, Jan. 9, 10, 14, 15, 17, 30 and Feb. 4 and 5, 1986] reflect some 17.75 additional hours, but they appear to have been spent on another matter.

gression of suits to recover fees for fees and an assessment in each of whether the immediately previous government opposition was 'substantially justified'". *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702 (2d Cir.1987), relying on *Cinciarelli v. Reagan*, 729 F.2d 801, 810 (D.C.Cir.1984).

This point is apposite herein. In Slip Op. 87–70, the court denied that part of plaintiff's application seeking fees for the services of Margaret Hardy Sachter in support of its case on the ground that, even after grant of leave to file a reply, its application remained inadequate. Nevertheless, time records have been presented for Ms. Sachter which reflect a total of 90.5 hours spent on the fee application itself, as opposed to the time on the case already disallowed for lack of sufficient initial explanation. The interests of avoidance of a regression of the kind referred to in *Trichilo* and of justice support an award to the plaintiff for this fee-application time.[3]

The time records presented also confirm 1.25 hours spent by Mr. Soller on the application, as well as one half hour of work thereon by Mr. Shayne. Attorney time (at $75 per hour) thus aggregates 92.25 hours. In addition, the plaintiff is entitled to an award of $19.44 for the 1.75 hours spent on its application by Mr. Wortman.

### Conclusion

To summarize the foregoing two points, the plaintiff is entitled to a total award against the defendants of $22,486.74, and judgment will enter accordingly.

The Clerk is directed to return to plaintiff's counsel their original records, which were submitted for the court's review.

So ordered.

---

**3.** Plaintiff's application sought $175 per hour for Ms. Sachter. As was true for Mr. Soller and Mr. Shayne, the application indicated that such a rate would be appropriate under other circumstances for this lawyer, but it failed to show the existence of a special factor which would justify an award herein in excess of the statutory ceiling of $75 per hour. Hence, the plaintiff is entitled to an award for Ms. Sachter at this rate.